```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**ROBERT L. WILLIAMS,**

    Movant

v.                             CRIMINAL ACTION NO. 2:99-00100-01
                                  (Civil Action No. 2:00-01161)

**UNITED STATES OF AMERICA,**

    Respondent


## MEMORANDUM OPINION AND ORDER

Pending is the movant's motion pursuant to Rule 60(b)(6) ("Rule 60(b) motion"), filed February 14, 2005, seeking an alteration or amendment of the February 18, 2003, Judgment in this action.[1]

---

[1] Movant has not made any subsequent filing since the Rule 60(b) motion. During a transition period several years ago between court staff handling motions of this type, this filing inadvertently escaped notice. It likewise did not appear on the particular type of pending motions report generated since that time by the successor clerk due to particular coding choices made when the report was run. The case also did not appear as a three-year old action inasmuch as it was closed after the February 24, 2003, Judgment and not thereafter reopened.

Since filing the Rule 60(b) motion on February 14, 2005, movant has made no subsequent contact with the court on the matter, aside from two address change notices he filed with the district clerk respectively on September 12, 2005, and December 18, 2008. It is also noted that movant made no mention of the Rule 60(b) motion during the proceedings related to his successful February 6, 2008, motion seeking modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Neither was the Rule 60(b) motion mentioned by movant or his counsel during the March 2, 2010, supervised release revocation hearing that resulted in movant being sentenced to, <u>inter alia</u>, 45 days imprisonment.

On June 28, 2005, the Honorable Mary E. Stanley, United States Magistrate Judge, entered her proposed findings and recommendation pursuant to 28 U.S.C. § 636 ("second PF&R") addressing the Rule 60(b) motion.  The magistrate judge recommends that the Rule 60(b) motion be denied inasmuch as she concluded that it was tantamount to a successive section 2255 motion without prior sanction by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).  On July 11, 2005, movant objected.

At an earlier point in this action, on January 17, 2002, the magistrate judge entered another set of proposed findings and recommendations ("first PF&R") relating to a section 2255 motion filed by movant.  The February 18, 2003, Judgment adopting the first PF&R, which movant challenges, concluded, _inter alia_, that movant was not entitled to relief on his claims alleging the ineffective assistance of his counsel, Hunt L. Charach, the former Federal Public Defender for the district who passed away in July 2000.  In his section 2255 motion, movant alleged that Mr. Charach was ineffective in (1) failing to inform him that the amount and type of controlled substance would have to be proven beyond a reasonable doubt at trial, citing _Apprendi v. New Jersey_, 530 U.S. 466 (2000), and (2) failing to file a notice of appeal according to movant's putative instructions on

2

or about the time of sentencing in 1999.  Movant did not notice an appeal from the February 18, 2003, Judgment adopting the first PF&R.

Movant's Rule 60(b) motion, filed two years after the unappealed February 18, 2003, Judgment he now challenges, persists in advancing the two alleged errors putatively committed by counsel as recounted above.  Regarding counsel's alleged Sixth Amendment error, movant continues to rely upon the Apprendi line of cases and, now, a related predecessor case, Jones v. United States, 526 U.S. 227 (1999).  Movant cites Jones in an apparent attempt to aid his contention that Mr. Charach deficiently failed to recognize the state of Sixth Amendment law at the time of his plea and sentencing in 1999.  The unsettled state of that body of law, as late as October 2000, is illustrated by the now-vacated decision in United States v. Angle, 230 F.3d 113 (4th Cir. 2000), vacated and subseq. op. at 254 F.3d 514 (4th Cir. 2001):

> Historically, this court and all of her sister circuits have held that drug quantity is a sentencing factor, not an element of the crime.  After the Supreme Court noted in Jones . . . that precedent suggested that any fact, other than prior conviction, that could increase the penalty beyond the statutory maximum penalty, must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt, . . . circuit courts applying Jones . . . interpreted this opinion as a suggestion rather than an absolute rule.  Thus, they continued to view drug quantity as a sentencing factor.

Id. at 122 (emphasis added)(citations omitted).

3

In view of the unsettled nature of Sixth Amendment jurisprudence at the relevant time, movant's citation to the March 24, 1999, decision in <u>Jones</u>, which preceded movant's December 30, 1999, sentencing by approximately nine months, is unavailing. In sum, it was, from an objective standpoint, not deficient for counsel in 1999 to lack an appreciation of the ultimate destination of the Supreme Court's then-developing Sixth Amendment line of cases. Movant is thus not entitled to any relief on this ground pursuant to Rule 60(b).[2]

Regarding the second contention found in the Rule 60(b) motion, movant contends that an evidentiary hearing was necessary respecting whether he directed Mr. Charach to notice a direct appeal. The first PF&R set forth a detailed, three-page time line, with citations to the record, concerning Mr. Charach's representation of movant. Found therein is the following recitation:

---

[2]Moreover, in his objections to the first PF&R, movant lodged no challenge to the magistrate judge's Sixth Amendment analysis. That omission is significant. See United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) ("We now conclude that a party also waives a right to appellate review of particular issues by failing to file timely objections specifically directed to those issues."). It would be a simple matter to allow an end run around this appellate waiver by permitting a non-objector to later use Rule 60(b) as a means to lodge specific objections to a magistrate judge's recommendation earlier adopted. The waiver is thus properly understood as extending to both the appellate process and other post-judgment process like Rule 60(b).

| | |
|---|---|
| December 16, 1999 | Sentencing took place at 11:00 a.m., with Mr. Charach present, and lasted approximately 50 minutes. Current Federal Public Defender Newberger has provided the United States with a copy of Mr. Charach's notes which state as follows: Post-Sentence Conf. w/[Defendant] - USM lockup 12/16/99 1:15 p.m. [Defendant] understands his sentence, is happy with it, & does not wish to appeal. [Defendant] thanks me for representing him and wishes me well in recovering from cancer. |
| October 18, 2000 | Defendant writes to FPD's office, requesting copies of documents to assist Defendant in filing a § 2255 motion "concerning the two-point gun enhancement." |

(PF&R at 6 (citations omitted) (alterations in original)).  In view of this time line, the court concluded in its February 18, 2003, Judgment that movant's contention that he instructed Mr. Charach to appeal was "not credible."  (Ord. at 3).  Indeed, it is palpably incredible.[3]  Movant is thus not entitled to an evidentiary hearing on the point.

Based upon the foregoing discussion, whether movant's Rule 60(b) motion is treated as such or, instead, as a successive

---

[3] It is noteworthy that movant's Rule 60(b) motion retreats somewhat in several places concerning his putative instructions to Mr. Charach.  See R. 60(b) Mot. at 8 ("[C]ounsel should have filed an appeal even if Movant had not requested he do so."); id. at 9 ("[C]ounsel should have appealed without Movant requesting he do so . . . .").

5

section 2255 motion, it is meritless from a substantive standpoint. The court, accordingly, ORDERS as follows:

1. That the second PF&R be, and it hereby is, adopted and incorporated herein; and

2. That, in the alternative, the contentions found in movant's Rule 60(b) motion, and the motion itself, be, and they hereby are, dismissed on their merits.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the magistrate judge. The Clerk should contact the United States Marshal to obtain movant's current mailing address.

DATED: May 7, 2010

_____
John T. Copenhaver, Jr.
United States District Judge